IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

FREDDIE BARNETT,

|                | Petitioner, | ORDER |
|---|---|---|
| v. | | 08-cv-0265-bbc |

ANA BOATWRIGHT, Warden,
New Lisbon Correctional Institution,

Respondent.

---

Freddie Barnett, an inmate at the New Lisbon Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges his custody resulting from his June 9, 2005 conviction in the Circuit Court for Dane County for second degree sexual assault and injury to the victim's sex organ.  Petitioner contends that he is entitled to federal habeas relief on three grounds.  In ground one, he asserts that his no contest plea was involuntary because he was on antipsychotic medication at the time, the plea colloquy was insufficient, there was no factual basis to accept the plea and the conduct that he originally admitted to differed from the offense for which he was charged.  In ground two, petitioner asserts that the state failed to produce exculpatory deoxyribonucleic acid (DNA) evidence before he entered his plea, in violation of his due process rights.  In ground three, he alleges that his trial counsel was ineffective for failing to obtain DNA reports,

failing to seek newly discovered evidence from the police, not seeking his innocence and coercing him into pleading no contest before exculpatory evidence became available. Dkt. #1.

Before the court is respondent's motion to dismiss on the ground that petitioner has procedurally defaulted all but his ineffective assistance of counsel claim regarding the DNA reports. Respondent further contends that the exhausted claim should be dismissed because it lacks merit. Dkt. ##6 and 7. In response, petitioner argues that he presented all of his claims to the state courts and that his claims are meritorious. Dkt. #9. In a later motion, petitioner requested that this court hold his case in abeyance so that he may pursue an ineffective assistance of appellate counsel claim in state court. Dkt. #13. Respondent opposes the stay, arguing that petitioner has failed to show how that claim is related to his federal habeas petition. Dkt. #14.

Because the state court properly dismissed all but one of petitioner's claims on independent and adequate procedural grounds, I find that he has procedurally defaulted all of his claims except for his claim that his trial attorney was ineffective for failing to obtain the DNA evidence. Because petitioner cannot meet any exception to the procedural default rule or show that his defaulted claims have any merit, I am granting respondent's motion to dismiss. Although petitioner has a petition for a writ of habeas corpus pending in state court, he has not shown how his ineffective assistance of appellate counsel claim would

2

excuse his procedural default or otherwise relates to his federal habeas petition.  Therefore,

I am denying the motion to hold his case in abeyance.  Finally, because the state courts did

not unreasonably apply clearly established federal law or unreasonably determine the facts

in denying petitioner's remaining claim, it will be dismissed.

From the petition, state court opinions and documents attached to the parties'

submissions, I find the following facts:

FACTS

On April 1, 2005, petitioner pleaded no contest to second degree sexual assault and

injury to the victim's sex organ.  Three days later, on April 4, 2005, the State Crime

Laboratory issued a report to the Madison Police Department, indicating that petitioner's

DNA was identified in blood found on a napkin.  The report also indicated that his DNA

was not found in swabs of the victim's vaginal area.  Dkt. #7, Exh. ##3 and 8.

On June 8, 2005, the circuit court received a handwritten letter from petitioner in

which he requested withdrawal of his plea.  Petitioner wrote that his trial lawyer failed to

inform him that he could have been charged and convicted of a lesser offense.  He also

argued that the charge of injury to a sex organ was invalid because he had consensual sex

with the victim who bled because she was a virgin.  Petitioner did not mention the laboratory

report or DNA evidence.  Dkt. #7, Exh. ##3 and 11.

On June 9, 2005, the circuit court sentenced petitioner to 11 years in prison and 19 years' extended supervision. At sentencing, the court offered to consider petitioner's request to withdraw his plea but petitioner refused the offer. Petitioner made no reference to the laboratory report at the sentencing hearing. Dkt. #7, Exhs. #3 and #12, at 7.

On July 19, 2005, the State Public Defender's Office appointed Donald Lang as petitioner's appellate counsel. Dkt. #14, Exh. #1. In a letter dated December 2, 2005, Lang told petitioner that he had three options: 1) allow Lang to file a no merit report; 2) proceed pro se; or 3) have Lang close the file without court action. Petitioner chose option three and did not file a direct appeal. Pet's. Br. in Supp. of Mo. to Reinstate Appellate Rights, dkt. #1, at 4-5; June 20 and July 3, 2006 State Public Defender letters, dkt. #1 at 21-22.

A year later, petitioner asked the State Public Defender's Office to appoint him counsel to extend his lapsed direct appeal deadline or file a collateral challenge to his conviction. In letters dated June 20 and July 3, 2006, First Assistant Public Defender Joseph Ehmann reminded petitioner that Lang had advised him of his three options but he chose not to proceed with an appeal. Ehmann told petitioner that he did not have good cause to reinstate his direct appeal right and that he had no right to postconviction counsel. Dkt. #1 at 21-22.

On July 24, 2006, petitioner filed a motion in the Wisconsin Court of Appeals, requesting that his direct appeal rights be reinstated. In the motion, he alleged that his trial

4

counsel was ineffective for failing to properly advise him regarding his plea, the trial court erroneously denied his request to withdraw his plea and other unspecified motions and his appellate counsel was ineffective. Dkt. #1 at 6. The court of appeals found that petitioner "chose not to pursue postconviction relief as a matter of right." Dkt. #1 at 9. It denied his motion as unnecessary, finding that he had the right to bring a motion pursuant to Wis. Stat. § 974.06. Id. at 10.

On October 19, 2006, petitioner filed a pro se § 974.06 motion in the circuit court, raising the following issues:

- There was insufficient evidence to support his plea;

- Trial counsel was ineffective for failing to investigate the case adequately before pressuring him into pleading no contest. Specifically, petitioner asserted that his attorney did not wait for DNA test results and failed to consider a defense of not guilty by reason of mental disease or defect;

- The absence of DNA evidence at trial required that his conviction be vacated; and

- He was entitled to a new trial because there was new evidence in the form of exculpatory DNA reports.

Dkt. #1 at 19; dkt. #7, Exh. #2. The circuit court denied the motion on October 23, 2006, finding that although the laboratory report was available before petitioner was sentenced, he made no mention of it or of DNA evidence in his June 8, 2005 letter to the court. The court reasoned that because petitioner posited a consent defense in his letter,

DNA evidence would have been meaningless. Dkt. #7, Exh. #3, at 1-2. The circuit court also stated that the laboratory report alone did not show that no sexual assault took place and had no "particular evidentiary significance." Id. at 3.

On appeal, petitioner argued that there was insufficient evidence to support his plea, DNA evidence discovered after the entry of his plea required that his conviction be vacated, the prosecutor knew about the DNA evidence yet made no mention of it at his sentencing hearing and his trial counsel was ineffective for failing to pursue all available defenses, not obtaining or waiting for the DNA report, coercing him into pleading no contest when he was on antipsychotic medication and making various other errors. Dkt. #7, Exh. #4. On December 19, 2007, the court of appeals affirmed the denial of petitioner's postconviction motion. The court stated that "the main issue appears to be whether Barnett's trial counsel was ineffective by advising Barnett to plead no contest to the charge before a DNA report on physical evidence was available." Dkt. #7, Exh. #5, at 1. Petitioner argued that the DNA evidence refuted the allegation that the victim was injured during the assault because the blood on the napkin was his and not that of the victim. However, the appellate court rejected this argument because petitioner had failed to explain the significance of the DNA evidence in his postconviction motion. It further found that petitioner had failed to show that the DNA evidence would have affected his attorney's advice to plead no contest given the significant evidence of the victim's injury, namely her testimony and medical records.

6

For similar reasons, the appellate court rejected petitioner's argument that the DNA report entitled him to a new trial because it was newly discovered evidence. Id. at 1-2. Finally, the appellate court stated that "[t]o the extent Barnett raises other issues on appeal, we reject them because they are inadequately briefed . . . or raised for the first time on appeal." Id. at 3.

In a petition for review to the Wisconsin Supreme Court, petitioner raised the same claims as he did in the court of appeals and also alleged that the plea colloquy was insufficient and the conduct that he originally admitted to differed from the offense for which he was charged. Dkt. #7, Exh. #6. The supreme court denied the petition for review on April 14, 2008. Dkt. #7, Exh. #7. Petitioner filed a petition for a writ of habeas corpus in this court on May 8, 2008.

On June 19, 2008, petitioner filed a petition for writ of habeas corpus in the state court of appeals, arguing that his appellate counsel was ineffective for failing to appeal his conviction or argue on direct appeal that his plea colloquy was insufficient. Dkt. #14, Exh. #2. That petition is pending.

OPINION

A. Procedural Default

Respondent argues that although petitioner appealed the circuit court's denial of his § 974.06 motion to the highest state court and filed his habeas petition within the one-year

limitations period, he failed to properly present all of his claims to the state courts.   In response, petitioner generally argues that he fairly presented his claims by putting forth all of the operative facts and controlling legal principles.

It is well established that a prisoner seeking a writ of habeas corpus must exhaust his state remedies before seeking federal relief.  28 U.S.C. § 2254(b)(1)(A); Moleterno v. Nelson, 114 F.3d 629, 633 (7th Cir. 1997).  In order to comply with this requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995) (state courts must have "opportunity to pass upon and correct alleged violations of its prisoners' federal rights").  Claims are exhausted when they have been presented to the highest state court for a ruling on the merits of the claims or when state remedies no longer remain available to the petitioner.  Engle v. Isaac, 456 U.S. 107, 125 n. 28, 1570 n. 28 (1982); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.").

When a petitioner already has pursued his state court remedies but failed to properly present his claims to the state courts along the way, "it is not the exhaustion doctrine that stands in the path to habeas relief . . . but rather the separate but related doctrine of procedural default."  Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004).  The

8

procedural default doctrine requires that state prisoners "not only become ineligible for state relief before raising their claims in federal court, but also that they give state courts a sufficient opportunity to decide those claims before doing so." O'Sullivan, 526 U.S. at 854 (Stevens, J., dissenting).  Under the procedural default doctrine, a federal court is precluded from reaching the merits of a habeas claim if the petitioner either 1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred; or 2) presented his claim to the state courts but the state court dismissed the claim on a state procedural ground independent of the federal question and adequate to support the judgment.  Perruquet, 390 F.3d at 514 ; Moore v. Bryant, 295 F.3d 771, 774 (7th Cir. 2002); Chambers v. McCaughtry, 264 F.3d 732, 737-38 (7th Cir. 2001). A state ground is deemed "independent" for this purpose "only if the state court actually relied on a state rule sufficient to justify its decision." Prihoda v. McCaughtry, 910 F.2d 1379, 1382 (7th Cir. 1990).  A state ground is considered "adequate" only if the state court applies the rule "in a consistent and principled way." Id. at 1383.  The adequacy of the state ground is a question of federal law.  Lee v. Kemna, 534 U.S. 362, 375 (2002).  When a petitioner has procedurally defaulted his claims, the federal court denies the petition with prejudice, thereby foreclosing petitioner's opportunity for federal review of the claims unless the petitioner demonstrates cause for the default and actual prejudice as a result of the violation or demonstrates that the failure to consider the claims will result in a fundamental

miscarriage of justice.  <u>Harris v. Reed</u>, 489 U.S. 255, 262 (1989); <u>Rodriguez v. Scillia</u>, 193 F.3d 913, 917 (7th Cir. 1999).

A review of the appellate court decision in this case indicates that petitioner properly raised only two claims:  1) his trial counsel was ineffective for advising him to plead no contest before the DNA evidence became available and 2) he was entitled to a new trial on the ground of newly-discovered evidence.  The appellate court rejected any other arguments that petitioner may have made because he either had failed to raise them in the circuit court or had not briefed them adequately.  Petitioner has failed to show that these reasons are not independent of the federal question or inadequate to support the judgment of the court of appeals.  Wisconsin law clearly requires that a criminal defendant raise all available grounds for relief in his original postconviction motion.  Wis. Stat. § 974.06(4).  Petitioner cannot raise a claim for the first time on appeal.  Further, Wisconsin deems abandoned any issues raised on appeal that are not briefed or argued adequately.  <u>State v. Johnson</u>, 184 Wis.2d 324, 344, 516 N.W.2d 463 (Ct. App. 1994).  Accordingly, petitioner has procedurally defaulted all but his claim that his trial counsel was ineffective for failing to obtain the DNA evidence.

Petitioner has not argued that he meets either exception to the procedural default rule.  However, in his submissions, he alleges that he did not file a direct appeal because his appellate attorney was ineffective and he did not understand the significance of a no merit report.  Further, he has filed a petition for a writ of habeas corpus in state court, alleging

10

ineffective assistance of appellate counsel.  Because ineffective assistance of counsel can establish cause for a procedural default, I will address that claim.

### B.  Ineffectiveness of Appellate Counsel

The Sixth Amendment guarantees petitioner the right to assistance of counsel on direct appeal.  Douglas v. California, 372 U.S. 353, 355-57 (1963); Gideon v. Wainwright, 372 U.S. 335, 343-45 (1963).  However, this right does not permit petitioner to insist that his appellate attorney advance meritless arguments.  Jones v. Barnes, 463 U.S. 745, 752-54 (1983).  The Supreme Court has held that in order to protect an indigent defendant's right to the assistance of counsel on direct appeal, appointed counsel who believes his client's case is frivolous must, in addition to seeking permission to withdraw, file a brief outlining anything in the record that might support an appeal.  Anders v. California, 386 U.S. 738, 744 (1967).  The defendant must be furnished a copy of the brief and allowed to raise any points that he chooses.  Id.  The court will then conduct a thorough examination of the case, including the issues raised by counsel and the defendant, and determine whether the appeal is wholly frivolous.  Id.  If the court decides there are non-frivolous issues, it must provide the defendant with a lawyer to argue the appeal.  Id.  Wisconsin has adopted this procedure.  Wis. Stat. § 809.32 (1)(a).

The failure of appellate counsel to file a no merit report when the defendant has expressed a desire to appeal constitutes ineffective assistance of counsel that entitles the

defendant to a fresh appeal without demonstrating that the initial appeal was non-frivolous. Penson v. Ohio, 488 U.S. 75, 85-89 (1988).  Stated differently, prejudice is presumed in such cases because the defendant effectively has been denied the assistance of counsel at a critical stage in the proceedings.  Id.  Therefore, if this court determines that petitioner was denied his right to counsel on appeal, then it must issue the writ even if it concludes there is no merit to the other claims raised in the petition.

Like other constitutional rights, a defendant's right to be represented by counsel on appeal, including the right to have counsel file a no merit brief, may be waived.  Betts v. Litscher, 241 F.3d 594, 596-97 (7th Cir. 2001).  "As in the trial court, waiver of the right to counsel on appeal must be 'knowing and intelligent.'"  Oimen v. McCaughtry, 130 F.3d 809, 812 (7th Cir. 1997) (citing Swenson v. Bosler, 386 U.S. 258 (1967)).  However, the requirement that petitioner voluntarily waive his right to appellate counsel "does not in itself require explanations and advice about the risks and benefits of each choice."  Speights v. Frank, 361 F.3d 962, 964 (7th Cir. 2004).  Because appellate courts do not engage in face-to-face dialogue with defendants, determining whether a defendant has validly waived his right to counsel on direct appeal is accomplished through written communication.  Oimen, 130 F.3d at 812.  A defendant's own conduct is relevant to determining whether there has been a valid waiver.  United States v. Oreye, 263 F.3d 669 (7th Cir. 2001) ("A defendant can waive his right to counsel through conduct as well as words.").

12

Petitioner has never asserted in this court or the state courts that his waiver was invalid.  Instead, he has maintained that Lang had a duty to file a direct appeal on his behalf.  Both petitioner's words and conduct confirm that he knowingly and intelligently waived his right to appellate counsel.  In the motion for reinstatement filed in the court of appeals, petitioner admitted that Lang presented him with three options and he chose not to proceed with any court action.  Petitioner did not inform the court that he did not wish to proceed pro se or ask the court to appoint a new lawyer to represent him.  Petitioner eventually asked the court to appoint a lawyer to represent him, but not until a year had passed.  Apparently reconsidering his decision not to appeal, he asked the court of appeals to reinstate his direct appeal right, arguing that his appellate counsel had been ineffective.  However, the court of appeals determined that petitioner had chosen not to file a direct appeal.

Unlike the situation in <u>Betts</u>, petitioner did not "vociferously" assert that he wanted counsel or deny that he intended to consent to Lang's withdrawal and waive his right to court-appointed counsel.  Petitioner's only argument is that he did not understand the significance of a no merit report.  However, the record shows that Lang discussed this option with him.  Further, the Supreme Court has not required that at the appellate stage, a defendant be informed of the benefits of counsel or be given a detailed explanation of the no merit procedure.  <u>Speights</u>, 361 F.3d at 965.  "[O]nce the trial is over, the major complexities, choices, and risks are past."  <u>Id.</u>

13

The record is sufficient to find that petitioner validly waived his right to counsel on appeal, chose not to pursue a direct appeal and was given the opportunity to bring his claims.   Petitioner has no one but himself to blame for not properly drafting his postconviction motion or arguing his claims on appeal.  Coleman v. Thompson, 501 U.S. 722, 756 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (no right to counsel in state collateral proceedings after exhaustion of direct appellate review).  Further, as noted by the appellate court, at the heart of each of his claims is his assertion that newly-discovered DNA evidence would have changed the outcome in his case.  As he did in the state courts, petitioner asserts that because the blood on the napkin did not belong to the victim, she was not injured.  However, as the court of appeals reasonably determined, there was other evidence sufficient to prove her injuries, namely, her testimony and medical reports.  The absence of her blood on a napkin is irrelevant.  Similarly, as noted by the state courts, the fact that petitioner's DNA was not found on swabs of the victim's vaginal area does not prove that a sexual assault did not occur.  Therefore, petitioner cannot show that he meets either the cause and prejudice or miscarriage of justice exception to the procedural default rule.  For similar reasons, petitioner's defaulted claims also would fail on their merits.

In sum, I find that petitioner has procedurally defaulted all of his claims except his claim that his trial attorney was ineffective for advising him to plead no contest before obtaining the DNA report.  Although petitioner has requested that this court hold his case in abeyance while he exhausts his ineffective assistance of appellate counsel claim in state

14

court, he has failed to show how that claim would excuse his procedural default or otherwise relates to his federal habeas petition.  Rhines v. Weber, 544 U.S. 269, 275 (2005) (granting stay not appropriate unless district court determines good cause for failure to exhaust or when unexhausted claims are plainly meritless).  Accordingly, his motion to hold his case in abeyance is denied as unnecessary.

### C.  Remaining Claim

Respondent asserts that there is no merit to petitioner's claim that his trial lawyer was ineffective for advising him to plead no contest before obtaining the DNA report.  I agree. To establish ineffective assistance of counsel, petitioner must prove that 1) the attorney's performance fell below an objective standard of reasonableness; and 2) the deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984). The defendant "bears a heavy burden when seeking to establish an ineffective assistance of counsel claim."  Jones v. Page, 76 F.3d 831, 840 (7th Cir. 1996) (quoting Drake v. Clark, 14 F.3d 351, 355 (7th Cir. 1994)).  To satisfy the first prong of the Strickland test, the performance element, a defendant must identify the acts or omissions of counsel that form the basis of his claim of ineffective assistance.  Strickland, 466 U.S. at 690;  United States v. Moya-Gomez, 860 F.2d 706, 763-64 (7th Cir. 1988).  A court's review of counsel's performance is highly deferential, presuming reasonable judgment and declining to second-guess strategic choices.  Strickland, 466 U.S. at 689; Kimmelman v. Morrison, 477

U.S. 365, 381 (1986); <u>United States v. Williams</u>, 106 F.3d 1362, 1367 (7th Cir. 1997). With regard to the second prong, the prejudice element, "the defendant must show that there is a probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694; <u>Moya-Gomez</u>, 860 F.2d at 764.

As previously discussed, the court of appeals reasonably determined that petitioner failed to show that the DNA evidence would have affected his attorney's advice to enter a plea of no contest. The court noted that the victim's testimony and medical records constituted significant evidence of her injury. Petitioner could not show that as a result of his trial counsel's alleged error, the outcome of the proceeding would have been different. In fact, at sentencing, the circuit court offered to consider petitioner's request to withdraw his plea but petitioner refused. As the circuit court found in denying petitioner's postconviction motion, even though the laboratory report was available before petitioner was sentenced, he made no mention of it or DNA evidence in his June 8, 2005 letter to the court or at the sentencing hearing. Accordingly, respondent's motion to dismiss petitioner's remaining claim on the ground that it lacks merit is granted.

## ORDER

IT IS ORDERED that the motion of petitioner Freddie Barnett for a stay of proceedings is DENIED. FURTHER, IT IS ORDERED that respondent's motion to dismiss

16

the petition is GRANTED.  The clerk of court is directed to enter judgment dismissing the

petition and close this case.

Entered this 3rd day of October, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

17