IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

FREDDIE BARNETT,

                Petitioner,                              ORDER

    v.                                                      08-cv-0265-bbc

ANA BOATWRIGHT, Warden,
New Lisbon Correctional Institution,

                Respondent.

---

Before the court is petitioner Freddie Barnett's request for leave to proceed in forma pauperis on appeal and request for a certificate of appealability from this court's judgment entered October 3, 2008, denying his request for a stay and dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. ##17-18.

A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id.; see also 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)).

Petitioner seeks a certificate of appealability with respect to the three grounds that he raised in his habeas petition:  1) his no contest plea was involuntary because he was on antipsychotic medication at the time, the plea colloquy was insufficient, there was no factual basis to accept the plea and the conduct that he originally admitted to differed from the offense for which he was charged; 2) the state failed to produce exculpatory deoxyribonucleic acid (DNA) evidence before he entered his plea, in violation of his due process rights; and 3) his trial counsel was ineffective for failing to obtain DNA reports, failing to seek newly discovered evidence from the police, not seeking his innocence and coercing him into pleading no contest before exculpatory evidence became available.  Dkt. ##1 and 17.

A review of the appellate court decision in this case indicated that petitioner properly raised only two claims in the state courts:  1) his trial counsel was ineffective for advising him to plead no contest before the DNA evidence became available and 2) he was entitled to a new trial on the ground of newly-discovered evidence.  The appellate court rejected any other arguments that petitioner may have made because he either had failed to raise them in the circuit court or had not briefed them adequately.  In the dismissal order, I found that petitioner failed to show that these reasons were not independent of the federal question or inadequate to support the judgment of the court of appeals.  Wisconsin law clearly requires that a criminal defendant raise all available grounds for relief in his original postconviction motion, Wis. Stat. § 974.06(4), and deems abandoned any issues raised on appeal that are

2

not briefed or argued adequately, State v. Johnson, 184 Wis.2d 324, 344, 516 N.W.2d 463 (Ct. App. 1994).  Accordingly, I found that petitioner procedurally defaulted all of his claims except for his claim that his trial attorney was ineffective for failing to obtain the DNA evidence.

As he did in his response to the motion to dismiss, petitioner argues that he defaulted his claims because his appellate attorney was ineffective for not filing a direct appeal.  After filing his federal habeas petition in this court, petitioner filed a petition for a writ of habeas corpus in state court, alleging ineffective assistance of appellate counsel.  Because the state court action is still pending, petitioner requested that this court stay the proceedings on his federal petition until the resolution of his state claim.  I denied petitioner's request, finding that he failed to show how his ineffective assistance of appellate counsel claim would excuse his procedural default or was otherwise related to his federal habeas petition.

Petitioner does not make any new arguments in his request for a certificate of appealability except for the assertion that this court was "precluded from issuing a ruling as to the ineffectiveness of appellate counsel" because he has a petition for a writ of habeas corpus pending in state court.  Dkt. #17 at 3.  Although the Supreme Court recognized that district courts are not precluded from issuing stays in habeas cases, it held that the procedure should be employed "only in limited circumstances" so as not to undermine the Antiterrorism and Effective Death Penalty Act's twin goals of encouraging finality of state

3

court judgments and encouraging petitioners to seek relief from the state courts in the first instance. Rhines v. Weber, 544 U.S. 269, 277 (2005). Granting a stay is not appropriate unless the district court determines that there was "good cause" for the petitioner's failure to exhaust his claims first in state court or when the unexhausted claims are "plainly meritless." Id.

In the dismissal order, I found that petitioner was appointed appellate counsel, who presented him with the options of filing a no merit report, proceeding pro se or closing the file without court action. Petitioner admittedly chose not to proceed with any court action. He did not inform the court that he did not wish to proceed pro se or ask the court to appoint a new lawyer to represent him. Although he eventually asked the state court of appeals to appoint him a lawyer and reinstate his direct appeal right, the court determined that petitioner had the opportunity to file a direct appeal but chose not to do so. Because petitioner knowingly and voluntarily waived his right to counsel on appeal, chose not to pursue a direct appeal and was given the opportunity to bring his claims, I found that he did not show good cause for failing to file a direct appeal and that his ineffective assistance of appellate counsel claim plainly had no merit.

Finally, I dismissed petitioner's remaining ineffective assistance of trial counsel claim because I found that the state court reasonably determined that petitioner failed to show that newly-discovered DNA evidence would have affected his attorney's advice to enter a

plea of no contest. Specifically, laboratory reports showed that blood found on a napkin did not belong to the victim and that petitioner's DNA was not found in the victim's vaginal area. In his request for a certificate of appealability, petitioner contends that the evidence would have shown inconsistencies in the police reports, which alleged that the victim was injured during the assault because blood was found on a napkin. However, contrary to plaintiff's assertion, this newly-discovered evidence does not establish that the victim was not injured or that a sexual assault did not occur. As the court of appeals reasonably determined, there was other evidence sufficient to prove the victim's injuries, namely, her testimony and medical reports. The absence of her blood on a napkin is irrelevant. Similarly, the fact that petitioner's DNA was not found on swabs of the victim's vaginal area does not prove that a sexual assault did not occur. Petitioner could not show that as a result of his trial counsel's alleged error, the outcome of the proceeding would have been different.

Further, at sentencing, the circuit court offered to consider petitioner's request to withdraw his plea but petitioner refused. As the circuit court found in denying petitioner's postconviction motion, even though the laboratory report was available before petitioner was sentenced, he made no mention of it or DNA evidence in the letter he sent to the court prior to sentencing or at the sentencing hearing.

Having reviewed the dismissal order, I am convinced that petitioner has not made a substantial showing of the denial of a constitutional right with respect to any of his claims.

5

Reasonable jurists would not debate the conclusions that petitioner procedurally defaulted all but one of his claims, failed to show that he can meet one of the exceptions to the default rule and that this is not one of those limited circumstances in which a stay is warranted. Reasonable jurists also would not debate that his one, properly presented claim has any merit. Accordingly, petitioner's request for a certificate of appealability will be denied.

The next question is whether petitioner is entitled to proceed <u>in forma pauperis</u> on appeal. In addition to finding that petitioner is indigent, this court must find that petitioner is taking his appeal in good faith. 28 U.S.C. § 1915(a)(3). To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. <u>Walker v. O'Brien</u>, 216 F.3d 626, 631-32 (7th Cir. 2000). Although this is a less demanding standard than that for determining whether to issue a certificate of appealability, I find that petitioner is unable to meet it.

As discussed above, there is little doubt that petitioner knowingly and voluntarily waived his right to appellate counsel and chose not to file a direct appeal. Further, at the heart of each of petitioner's claims (both defaulted and not defaulted) is his assertion that newly-discovered DNA evidence would have changed the outcome in his case. For the reasons previously discussed, no reasonable person could suppose from this newly-discovered evidence that the victim was not injured or that a sexual assault did not occur. Petitioner's arguments fall far short of the showing needed to entitle him to federal habeas relief.

6

Therefore, I find that petitioner's appeal is not taken in good faith. As such, it is not necessary to decide whether he is indigent for purposes of appeal or whether he must prepay a portion of the fee.

ORDER

IT IS ORDERED that:

1. Petitioner's request for a certificate of appealability is DENIED. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

2. Petitioner's request for leave to proceed in forma pauperis is DENIED because I certify that his appeal is not taken in good faith. If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5).

Entered this 21st day of October, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge